IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHENITA L. A. THOMPSON,           ) | |
|        Plaintiff,                                      ) | |
| vs.                                                         ) | No. 3:17-CV-2364-G-BH |
|                                                          ) | |
| SAFETY NATIONAL CASUALTY    ) | |
| COMPANY,                                          ) | |
|        Defendant.                                 ) | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

Based on the relevant filings and applicable law, the case should be **DISMISSED with prejudice** for lack of subject-matter jurisdiction.

### I.  BACKGROUND

On August 3, 2017, Shenita L. A. Thompson (Plaintiff) filed this *pro se* case against Safety National Casualty Company, UT Southwestern Medical Center (Hospital), and the Dallas Police Department (DPD) (collectively Defendants).  (*See* docs. 4; 10 at 8-9.)  She claims that she was injured on April 21, 2014, when her supervisor gave her a poisoned Subway roast beef sandwich. (*See id.* at 7.)[2] She claims that the sandwich tasted strange, and within 15-20 seconds she felt dizzy and light-headed. (*Id.*) Her symptoms worsened and she began vomiting, had "brain shock, seizes, and visions." (*Id.*) She reported her injury to her supervisor and asked to leave early. (*Id.*) Plaintiff sought treatment at Hospital for her symptoms. (*See id*. at 31.) Treatment notes indicated that she began to experience symptoms "since she ate a subway sandwich a week ago." (*Id*. at 32.)

On April 22, 2014, Plaintiff returned to work but claims that she "wasn't allowed to use [the] Company's KABA time attendance system to clock in or out." (*Id.*) She claims that she again

---

[1]  By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2]  Citations to the record refer to the CM/ECF system page number at the top of each page.

reported her injury to her supervisor but he failed to "notify the insurance carrier." (*Id.* at 8.) Plaintiff resigned from her position that morning because she felt "uncomfortable." (*Id*. at 122.)

On June 6, 2014, Plaintiff filed a claim for worker's compensation alleging "false allegation of harassment on the job" and becoming ill from the sandwich she was given by her supervisor. (doc. 4 at 17.) On June 27, 2014, Her claim was denied because "the TPA for the carrier" denied that she sustained a compensable injury and that any alleged injury arose from the act of a third party. (*Id*. at 17,25.) Plaintiff appealed, and a benefit review conference was held on April 13, 2017, to mediate a resolution of the claim. (*Id*. at 12.) She did not attend, however. (doc. 10 at 6.) A Benefit Contested Case Hearing was held on June 6, 2017. (*See id*.) A final decision and order was issued on June 9, 2017, denying her claim and citing a reviewing physician's opinion that he "did not believe there was any relation between [Plaintiff's] symptoms and the sandwich[.]" (doc. 4 at 11,18.)

Plaintiff alleges that Hospital released false medical records surrounding her injury. (doc. 10. at 8.) She claims that the Hospital records did not accurately reflect when she ingested the sandwich and did not include her x-rays. (*Id*.) She alleges that Hospital is "playing mind games" with her medical records and she can prove insider trading, malpractice, and falsification of medical records. (doc. 4 at 9.) She alleges that she was defamed by false information that was communicated with "malice and with reckless disregard for its falsity." (*Id.*)

Plaintiff stored the sandwich in a freezer at an apartment that she was living in with the apartment's lease holder. (*See* docs. 10 at 10; 4 at 8.) On September 27, 2014, a DPD officer was called to standby while she removed her personal property from the apartment. (*Id.*) Plaintiff claims that the officer prevented her from removing her personal property by "using coercion as a practice to persuade the lease holders [ ] to withhold evidence"[.]" (*Id.*) She alleges that because she was

2

unable to retrieve her roast beef sandwich until January 17, 2015, it had been defrosted and had spoiled. (*See id.* at 11-12.)

Plaintiff seeks judicial review of the denial of her worker's compensation benefits claim for the alleged injury that occurred on April 21, 2014. (*See* doc. 4 at 1.) She also seeks monetary damages from Defendants for conspiracy, fraud, medical malpractice, intentional infliction of emotional distress, denial of critical benefits and wages, "overtime compensation, family, and crime leave, worker's compensation, unemployment insurance, and safe workplaces." (docs. 4 at 9; 10 at 2,8-9, 22.) No process has been issued in this case.

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction". *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.2001). Courts have "a continuing obligation to examine the basis for jurisdiction" and may *sua sponte* raise the issue at any time. *See MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir.1990); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465–66 (5th Cir.1999). The party seeking the federal forum has the burden of establishing federal jurisdiction. *Howery*, 243 F.3d at 916. Fed.R.Civ.P. 12(h)(3) requires dismissal of a case if a federal court determines that it lacks subject-matter jurisdiction.

### A. Federal Question

Here, Plaintiff's cause of action against Safety National Casualty is based on the denial of her worker's compensation claim and arises solely under state law. Her claims for fraud, defamation,

3

malpractice, and intentional infliction of emotional distress against Hospital and DPD also arise under state law. She neither identifies nor asserts any federal causes of action against Defendants, and she makes no allegations to support any federal cause of action. Federal courts have no jurisdiction over state law claims in the absence of diversity jurisdiction under 28 U.S.C. § 1332.

**B.    Diversity Jurisdiction**

Diversity jurisdiction is proper only when complete diversity exists between the parties and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(a). Complete diversity "does not exist unless each defendant is a citizen of a different State from each plaintiff." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978) (emphasis in the original). As the party seeking to invoke federal jurisdiction in this case, Plaintiff has the burden to show that diversity jurisdiction exists. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir.1991).

Here, Plaintiff failed to plead that the parties are diverse, and she has not alleged any matter in controversy that exceeds $75,000 in value. She has therefore not met her burden to show that complete diversity exists between the parties, and her complaint should be dismissed for lack of subject-matter jurisdiction. *See Dupre v. University Healthcare Sys. L.C.*, 273 F.3d 1103 (5th Cir.2001) (dismissing suit for lack of subject-matter jurisdiction where all parties were residents of same state).

### III.    RECOMMENDATION

The complaint should be **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

4

**SO RECOMMENDED**, this 16th day of April, 2020.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE